**RECEIVED**

**JUL 2 1 2025**

**BY MAIL**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
Southeastern **DIVISION**

KennethCSparks II #81137

)
)
)
)
)

*(Write the full name of the plaintiff in this action.*
*Include prisoner registration number.)*

The State of Missouri; Ste. Genevieve
**v.** County; Ste. Genevieve County Sheriff
Department; Ste. Genevieve County Jail; Ste.
Genevieve County Jail Medical Staff; Major
Schott, SGCJ; Sgt. Goggins, SGCJ.; Sgt.
Thomure, SGCJ.; Sgt. Tubbs, SGCJ.; Officer
Ryan, SGCJ.; Officer Prest, SGCJ.; Sgt
Schmitt, SGCJ.

)
)
)
)
)
)
)
)
)
)

*(Write the full name of each defendant. The caption*
*must include the names of **all** of the parties.*
*Fed. R. Civ. P. 10(a). Merely listing one party and*
*writing "et al." is insufficient. Attach additional*
*sheets if necessary.)*

)
)
)
)
)

Case No: _____
*(to be assigned by Clerk of District Court)*

Plaintiff Requests Trial by Jury
☒ Yes  ☐ No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepayment of fees and costs.*

## I.    The Parties to this Complaint

### A.    The Plaintiff

Name: _Kenneth C Sparks III # 81137_

Other names you have used: _N/A_

Prisoner Registration Number: _# 81137_

Current Institution: _Ste. Genevieve County Jail,_
_# 5 Basler Drive, Ste. Genevieve, MO 63670._

Indicate your prisoner status:

☒ Pretrial detainee          ☐ Convicted and sentenced state prisoner

☐ Civilly committed detainee     ☐ Convicted and sentenced federal prisoner

☐ Immigration detainee        ☐ Other (explain): _____

### B.    The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: _The State of Missouri_

Job or Title: _N/A_

Badge/Shield Number: _N/A_

Employer: _N/A_

Address: _Jefferson City, Missouri 65102_

_X_ Individual Capacity          _X_ Official Capacity

**Defendant 2**

Name: _Ste. Genevieve County Missouri_

Job or Title: _N/A_

Badge/Shield Number: _N/A_

Employer: _N/A_

Address: _55 S. 3rd St., Ste. Genevieve, MO 63670_

☒ Individual Capacity ☒ Official Capacity

✳ See Attached

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

✳ See Attached

Section I., B. Cont.                    page 1 of 4

Defendant 3

Name: Ste, Genevieve County Sheriff Department
Address: # 5 Basler Drive, Ste. Genevieve, MO 63670

☒  Individual Capacity    ☒ Official Capacity

Defendant 4

Name: Ste, Genevieve County Jail
Address: #5 Basler Drive, Ste. Genevieve, MO 63670

☒ Individual Capacity  ☒  Official Capacity

Defendant 5

Name: Ste, Genevieve County Jail Medical Staff
Address: # 5 Basler Drive, Ste. Genevieve, MO 63370

☒ Individual Capacity  ☒ Official Capacity

Section I., B, Cont.                                    page 2 of

Defendant 6

Name: Major Schott
Job or Title: Major
Employer: Ste. Genevieve County Jail
Address: #5 Basler Drive, Ste. Genevieve, MO 63670

☒ Individual Capacity    ☒ Official Capacity

Defendant 7

Name: Sgt. Goggins
Job or Title: Sergeant
Employer: Ste. Genevieve County Jail
Address: #5 Basler Drive, Ste. Genevieve, MO 63670

☒ Individual Capacity    ☒ Official Capacity

Defendant 8

Name: Sgt. Thomure
Job or Title: Sergeant
Employer: Ste. Genevieve County Jail
Address: #5 Basler Drive, Ste. Genevieve, MO 63670

Section I., B. Cont.                              page 3 of 4

Defendant 9

Name: Sgt. Tubbs
Job or Title: Sergeant
Employer: Ste. Genevieve County Jail
Address: #5 Basler Drive, Ste. Genevieve, MO 63670

☒ Individual Capacity     ☒ Official Capacity

Defendant 10

Name: Officer Ryan
Job or Title: Correctional Officer
Employer: Ste. Genevieve County Jail
Address: #5 Basler Drive, Ste. Genevieve, MO 63670

☒ Individual Capacity     ☒ Official Capacity

Defendant 11

Name: Officer Prost
Job or Title: Correctional Officer
Employer: Ste, Genevieve County Jail
Address: #5 Basler Drive, Ste. Genevieve, MO 63670

☒ Individual Capacity     ☒ Official Capacity

Section I., B. Cont.                          page 4 of 4

Defendant 12

Name: Sgt. Scmitt
Job or Title: Sergeant
Employer: Ste. Genevieve County Jail
Address: #5 Basler Drive, Ste. Genevieve, MO 63670

☒ Individual Capacity  ☒ Official Capacity

## II. Statement of Claim(s)

1. Pursuant to Judicial Economy, 3 seperate claims, the facts of which will be listed chronologically apply to all of the defendants previously listed.

2. In the days leading up to 02/21/2025, Antonio Braxton, a pre-trial, federal detainee, began threatening the Plaintiff, also a federal pretrial detainee. Along with verbal threats and taunting, A.B poured water onto the Plaintiff's bed and stole multiple food items from him.

3. On 02/21/2025 the Plaintiff spoke with Officer Ryan of the S.G.C.J. and asked him for help regarding the threats and actions of A.B. Officer Ryan stated that "he would look into it."

4. On 2/22/2025 A.B. physically attacked the Plaintiff while he was in his bunk. The entire attack can be seen on the jail's surviellance cameras and will be provided when the video is made available. The attack caused head, neck, back, leg, and hand injuries.

5. Pursuant to jail policy, the Plaintiff was placed into lockdown in a cell outside of K-Pod for being in an altercation.

6. On 02/27/2025 a grievance was filed by the Plaintiff for the lack of medical attention after the

II. Statement of Claim(s) cont.                    page 2 of 6

attack. Sgt. Schmitt replied, "You are on lockdown due to fighting. Put in a med-request to see the doctor or nurse."

7. On 03/04/2025 a request was put in for head/leg/back pain. Sgt. Thomure marked it as resolved stating, "you need to put in a msr or talk to medical."

8. On 03/05/2025 an msr was filed explaining head/leg/back pain and requesting medical attention. An entity identified as "Medical 8700" marked the request as resolved and stated, "will see on sick call/8585."

9. On 03/17/2025 a grievance was filed for medical neglecting the Plaintiff's request for medical attention. It was marked as resolved without appeal, and Sgt. Thomure forwarded it to SGT. Goggins. Sgt Goggins' reply stated that, "This needs to be on a medical request form."

10. On 03/20/2025 an msr was filed requesting X-Rays for his back and complained of headaches due to the attack. Medical 8700 marked request as resolved, and stated, "Will see you on sick call/8585."

11. On 03/25/2025 an msr was filed requesting an X-Ray evaluation and diagnosis from the doctor. Medical 8700 marked as resolved stating, "Dr. Buchannon will provide diagnosis."

12. On 03/28/2025 an msr was put in for pain meds explaining that Tylenol is not helping the head/leg/back pain. Medical 8700 marked request as resolved stating, "will see you on sick call."

II. Statement of Claim(s) Cont.

page 3 of 6

13. On 4/3/25 an MSR was put in for pain relief request. Medical (8700) marked request as resolved without appeal stating "will see you at sick call."

14. On 4/10/25 an MSR put in requesting an extra blanket due to joint disease and pain that has been amplified by the cold. Also, a bottom bunk pass was requested. Medical (8700) marked request as "resolved without appeal, does not meet qualifications for an extra blanket." The bottom bunk pass request was ignored.

15. On 4/24/25 a grievance was filed for medical needs not being met. Major Schott marked request resolved without appeal stating, "Mr. Sparks, it is my understanding you seen the ortho this week. The appeal is closed."

16. On 4/24/25 MSR filed to have hand pain looked at, as well as requesting a walker. Medical 8700 marked request as resolved without appeal stating, "Will follow up."

17. On 5/13/25 an MSR put in complaining of back pain and requesting pain meds, as well as stating he has never heard back from medical on his previous requests. Medical (8700) marked request as resolved without appeal stating, "Will check."

18. On 5/24/25 an MSR was put in requesting a walker and complaining of pain. Medical (8700) marked request as resolved without appeal

II. Statement of Claim(s) Cont.

Stating, "Will look into it."

19. On 05/26/2025 an msr put in requesting medical
attention for hand pain, ringing in ears, headaches,
severe anxiety, and nightmares of the attack on
04/24/2025. Medical 8700 marked request as resolved
without appeal stating, "Will see on sick call."

20. On 06/01/2025 a request for the Plaintiff to be
placed on a Kosher diet was put in, Sgt. Thomure
forwarded the request to Sgt. Goggins who marked
request as resolved without appeal stating, "You
stated your preferred religion was Pentecostal
when you entered this facility. You must have a
history of sincerity of belief as one of Jewish
faith to qualify for religious consideration for
a Kosher tray.

21. On 06/04/2025 a request for clarification of Kosher
diet denial was put in. Sgt. Thomure forwarded to Sgt.
Goggins who marked request as resolved without
appeal stating, "See response to other request
regarding your diet request."

22. On 06/06/2025 a grievance was filed for the
denial of Kosher diet. Sgt. Smith marked
request as resolved without appeal stating,
"On 8/8/24 you arrived at this facility. You
stated that you were Pentecostal as your
religion an was put on a diabetic tray. To
be put on a Jewish Kosher diet, you

II, Statement of Claim(s) Cont.

Most show Sincerity of Faith."

23. On 06/06/2025 a request explaining that the jail's copy policy is jeapordizing the integrity of his case (the Plaintiff). Sgt. Tubbs marked request as resolved without appeal with no other response.

24. On 06/10/2025 an msr put in for a bottom bunk pass. Medical 8700 marked request as resolved without appeal stating, "Will forward to Melissa 8585."

25. On 06/12/2025 an appeal was filed on the grievance for denial of Kosher diet. Sgt. Schmitt marked request as resolved without appeal stating, "Mr. Sparks, you will need to show Sincerity of Faith for us to change your diet. When you came in you listed your faith as Pentecostal. This appeal is closed. Major Schott."

26. On 06/12/2025 a request was put in to notify staff that the Plaintiff was requesting that charges be filed on Antonio Braxton for the attack on 02/27/2025. Officer J. Prest marked request as resolved stating, "we don't have a complaint form."

27. On 06/13/2025 a request for the prosecution of A.B. was put in. Sgt. Thomure marked request as "Forward to SSGT. Goggins."

II, Statement of Claim(s) Cont.

page 6 of 6

28. On 6/19/25 a request was put in for the past 6 months of K.S.'s inmate account activity. Sgt. Thomore Marked request as "Forward to SSgt. Goggins."

## III.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

✳ See attached

Section III. Injuries                                    Page 1 of 1

From the assault by Antonio Braxton, the Plaintiff
suffered numerous injuries. These injuries included
a head injury, a neck injury, a back injury, injuries
to both hands, injuries to the right leg and knee,
as well as a partially dislocated hip joint.
All of these injuries deteriorated due to the
neglect of the S.G.C.J. Medical Staff. The
Plaintiff now suffers daily headaches, frequent
ear ringing, severe back pain, pain and clicking
in the neck, swelling and numbness of the hands,
leg and knee pain causing a severe limp, severe
pain in arm and hand joints, as well as a
clicking in the hip joint when the Plaintiff
puts on shoes and socks.
The plaintiff has endured all of this for
over 3 months which has also caused psychological
trauma and emotional distress.
The compromised legal mail has done
irreparable damage to the integrity of
the Plaintiff's federal criminal case.

## IV.   Relief

State briefly and precisely what you want the Court to do for you.  Do not make legal arguments.
Do not cite any cases or statutes.  If you are requesting money damages, include the amounts of
any actual damages and/or punitive damages you are claiming.  Explain why you believe you are
entitled to recover those damages. WHEREFORE, Plaintiff respectfully prays
that this Court enter an order: Awarding Plaintiff compensatory
damages for the unnecessary deterioration of his physical condition
and consequential pain and suffering, in an amount as yet to be deduced
from the evidence, but in no event in an amount less than $1,500,000.=;
and punitive damages in the amount of $5,000,000.=; and dismissal
of the Plaintiff's current federal charges, due to the irreparable
damage to the integrity of the case caused by the mail invasion.

## V.   Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action
shall be brought with respect to prison conditions under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed
if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other
correctional facility?

☒ Yes            ☐ No

If yes, name the jail, prison or other correctional facility where you were confined at the
time of the events giving rise to your claim(s):

Ste. Genevieve County Jail

B.   Does the jail, prison or other correctional facility where your claim(s) arose have
a grievance procedure?

☒ Yes            ☐ No            ☐ Do not know

C.   If yes, does the grievance procedure at the jail, prison or other correctional facility
where your claim(s) arose cover some or all of your claims?

☒ Yes            ☐ No            ☐ Do not know

5

If yes, which claim(s)?

All claims stated in section II of this suit.

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes          ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes  N/A  ☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

On the Kiosk in Ste. Genevieve County Jail.

2.    What did you claim in your grievance? (*Attach a copy of your grievance, if available*)

All claims stated in section II of this suit.

(Copies will be sent when available)

3.    What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)

They were marked as resolved without appeal, although there was no resolution.

(copies will be sent when available)

6

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

All appeals were completed. Yes, the grievance process is over.

F.    If you did not file a grievance:

N/A

1.    If there are any reasons why you did not file a grievance, state them here:

N/A

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

## VI.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

☐ Yes            ☒ No

If yes, state which court dismissed your case and when it was dismissed.  Attach a copy of the court's order, if possible.

N/A

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes            ☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.    Parties to the previous lawsuit

Plaintiff _____ N/A _____

Defendant(s) _____ N/A _____

2.    Court (*if federal court, name the district; if state court, name the state and county*)

N/A

3.    Docket or case number _____ N/A _____

4.    Name of Judge assigned to your case _____ N/A _____

8

5.    Approximate date of filing lawsuit _____ N/A _____

6.    Is the case still pending?

☐ Yes

☐ No (*If no, give the approximate date of disposition*): N/A

7.    What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

N/A

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes          ☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.    Parties to the previous lawsuit

Plaintiff _____ N/A _____

Defendant(s) _____ N/A _____

2.    Court (*if federal court, name the district; if state court, name the state and county*)

N/A

3.    Docket or case number _____ N/A _____

4.    Name of Judge assigned to your case _____ N/A _____

5.    Approximate date of filing lawsuit _____ N/A _____

9

6.  Is the case still pending?

    ☐ Yes  N/A

    ☐ No  (*If no, give the approximate date of disposition*):  N/A

7.  What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

    N/A

## VII.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this  15th day of  July  , 20 25 .

Signature of Plaintiff  X Kenneth C Sparkes III

10