**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH G. SPARKS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-CV-00123 RHH |
| | ) | |
| THE STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Kenneth Sparks, III, a pretrial detainee currently incarcerated at Ste. Genevieve County Jail, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on July 21, 2025. [ECF No. 1]. Before the Court are Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*, for Appointment of Counsel and to Amend his Complaint by Interlineation. [ECF Nos. 2, 4 and 6]. For the reasons stated below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will therefore grant Plaintiff's Motion to Proceed *in Forma Pauperis* and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, after reviewing the record, Plaintiff will be required to submit an Amended Complaint on a Court-provided form within twenty-one (21) days of the date of this Order. Plaintiff's remaining motions will therefore be denied, without prejudice. [ECF Nos. 4 and 6].

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Although Plaintiff submitted an account statement it does not appear to be certified. As a result, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a *certified* copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.") (emphasis added). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

This Court is required to review a Complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a Plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a Complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Kennth Sparks, III, filed the instant action on July 21, 2025, pursuant to 42 U.S.C. § 1983 against: (1) the State of Missouri; (2) Ste. Genevieve County; (3) Ste. Genevieve County Sheriff's Department; (4) Ste. Genevieve County Jail; (5) Ste. Genevieve County Jail Medical Staff; (6) Major Unknown Schott; (7) Sergeant Unknown Goggins; (8) Sergeant Unknown

3

Thomure; (9) Sergeant Unknown Tubbs; (10) Correctional Officer Unknown Ryan; (11) Correctional Officer Unknown Prest; (12) Sergeant Unknown Schmitt. Plaintiff sues Defendants in both their individual and official capacities.

Plaintiff claims that on or about February 21, 2025, he was verbally threatened by another federal pretrial detainee at Ste. Genevieve County Jail. [ECF No. 1 at 8]. The detainee, Antonio Braxton, taunted Plaintiff by pouring water into Plaintiff's bed and stealing Plaintiff's commissary items. Plaintiff reported the conduct to Defendant Ryan, who told Plaintiff he would investigate the matter. *Id*.

On February 22, 2025, Plaintiff alleges that he was physically attacked by inmate Braxton. He asserts that he received injuries during the altercation to his head, neck, back, leg and hands. *Id*. Plaintiff has not given specifics as to what these injuries entailed. Plaintiff states that afterwards he was placed into lockdown for being in an altercation. *Id*.

Although it appears from Plaintiff's Complaint that he received some medical care after the fight with Braxton, it is unclear what type of medical care he received. Plaintiff complains that he did not receive enough care for his head, neck, back, leg and hand injuries, but he has not articulated why he believes this. Instead, Plaintiff claims that he was in generalized pain over the course of a three-month time period after the altercation. Plaintiff states in a conclusory manner that he complained on a few occasions to Defendants Schmitt, Thomure and Goggins, but he was told to file medical request forms or be seen at sick call for his injuries. [ECF No. 1 at 8-9]. Plaintiff complains that he filed grievances relating to his medical pain, but he does not indicate which of the Defendants allegedly denied his medical grievances, such as those seeking additional pain medication, an extra blanket, the use of a walker, or to see a physician. *See id.*

Plaintiff additionally complains that he sought a kosher diet from Defendants Thomure, Schmitt and Goggins at the end of May of 2025, but his requests were denied because he failed to allege a religious need for the diet. [ECF No. 1 at 11]. Plaintiff does not specifically state why he was seeking a kosher diet at Ste. Genevieve County Jail. It appears that he was already receiving a diabetic diet tray at the Jail, and according to grievance responses submitted to Plaintiff, his religious preference was "Pentecostal" at the time he entered the Jail. *Id.* Plaintiff does not indicate that his religious preference changed after his stay at the Jail, which could have necessitated a change in his diet.

In his Motion to Amend his Complaint by Interlineation, ECF No. 6, Plaintiff states that he wishes to add a claim to his Complaint for interference with his legal mail. *Id*. He states that he wants to "stop the copying of all legal mail." *Id*. He fails, however, to link his claim to any particular Defendant. Additionally, he fails to indicate when his "legal mail" was copied or by whom, and if there was damage to a pending or ongoing legal claim because of interference with his mail. And although he states in his Complaint that he has been "harmed" by a "compromis[e]" in his legal mail, he fails to indicate how that has occurred. [ECF No. 1 at 15].

In his "Request for Relief," Plaintiff seeks compensatory and punitive damages. He also seeks dismissal of his current pending federal charges.[1]

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's Complaint and pending motions, the Court concludes it is subject to dismissal as currently written. However, considering Plaintiff's self-represented status, the Court will allow him to submit an Amended Complaint.

---

[1] This Court has no jurisdiction over Plaintiff's current criminal action in *United States v. Sparks*, No. 4:24-CR-00374 JAR (E.D.Mo.). To the extent Plaintiff wishes to assert claims in his criminal action, he must file those claims in that case.

First, the Court finds that Plaintiff's claims against the State of Missouri fail to state a claim as currently asserted. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska,* 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007). Thus, Plaintiff's claims against the State of Missouri are subject to dismissal.

Similarly, to the extent Plaintiff is attempting to bring a policy or custom claim against Ste. Genevieve County, he has failed to do so. Although a municipality or local governing body may be sued, to do so a Plaintiff must allege an unconstitutional policy, custom or a deliberately indifferent failure to train or supervise. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978); *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff has failed to allege that he was unlawfully held because of an official Ste. Genevieve County policy, an unofficial Ste. Genevieve County custom or a deliberate failure to train a specific official at Ste. Genevieve County. Accordingly, he has not stated a *Monell* violation against Ste. Genevieve County.

Plaintiff's claims against the Ste. Genevieve County Jail, Ste. Genevieve County Sheriff's Office and Ste. Genevieve County Jail Medical Staff[2] are subject to dismissal as these entities are

---

[2] Plaintiff has not named any medical staff as Defendants in this action.

6

not suable under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Furthermore, liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a Plaintiff must allege facts connecting the Defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).  In this case, Plaintiff has failed to connect his claims for relief to specific acts by specific Defendants on specific days. Plaintiff's failure to causally connect Defendants to each of the challenged actions are fatal to his claims for relief.

7

Next, although Plaintiff attempts to allege a denial of medical care by Defendants at the Ste. Genevieve County Jail, he has failed to properly articulate such a claim. A jail official's intentional denial of, or delayed access to, medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on a claim of deliberate indifference,[3] a Plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted). Although Plaintiff claims that he was suffering from injuries to his head, neck, back, leg and hands, he has failed to articulate exactly what those injuries were or that they rose to a sufficiently serious level under the Fourteenth Amendment. Additionally, as noted above, he has failed to specify what exact treatment he received for the injuries after the altercation and what treatment he asked for but was subsequently denied. A "mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

---

[3]The Fourteenth Amendment's Due Process Clause is used to evaluate a pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.,* 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard,* 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

Last, the Court notes that Plaintiff has attempted to bring not only medical claims in his Complaint but also claims relating to interference with his legal mail and the purported need for a kosher diet. These claims appear to be improperly joined and must be brought in separate actions. A Plaintiff cannot join, in a single lawsuit, multiple claims against different Defendants related to events arising out of different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, Plaintiff has attempted to join unrelated claims, which he will not be allowed to do. He must bring those claims in separate actions.

Given the aforementioned, the Complaint is subject to dismissal as currently written. Nevertheless, given Plaintiff's self-represented status, the Court will provide Plaintiff twenty-one (21) days to amend his Complaint on a Court-provided form. He must follow the instructions set forth below when amending his Complaint.

### Instructions for Amending the Complaint

An Amended Complaint will replace the original Complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an Amended Complaint supersedes an original Complaint and renders the original Complaint without legal effect."). Plaintiff must type or neatly print the Amended Complaint on the Court's Prisoner Civil Rights Complaint Form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff will not be allowed to supplement his Complaint by interlineation or supplementation. The Court expects all of Plaintiff's claims to be within his Amended Complaint. To that end, the Court will deny Plaintiff's Motions to Amend his Complaint by Interlineation.

In the "Caption" section of the form, Plaintiff should write the name of the Defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming a person as a Defendant

9

unless that person is directly related to his claim. Plaintiff must specify the capacity in which he sues each Defendant. Plaintiff's failure to sue a Defendant in his or her individual capacity may result in the dismissal of that Defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the Defendant's name. In separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting his claim against that Defendant, and (2) state what constitutional or federal statutory right(s) that Defendant violated. If Plaintiff is suing more than one Defendant, he shall proceed similarly with each one, separately writing each individual Defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular Defendant and the right(s) that Defendant violated. No introductory or conclusory paragraph is necessary. Plaintiff is advised to avoid including unnecessary detail in the Amended Complaint. Plaintiff will have the opportunity to present evidence and argument in support of his claims if this case proceeds to the next stage of litigation.

If Plaintiff names a single Defendant, he may set forth as many claims as he has against that Defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one Defendant, he may include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claim or claims. If Plaintiff chooses to do so, he must pay the filing fee or file a Motion for Leave to Proceed *in Forma Pauperis*.

Plaintiff must allege facts explaining how each Defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each Defendant, so the Defendant has notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d

10

843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) ("The essential function of a Complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"). The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.,* 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

## Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel. [ECF No. 4]. The Motion will be denied at this time. In civil cases, a *pro se* litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case

11

progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint on a Court-provided form in accordance with the instructions set forth above within twenty-one (21) days of the date of this Order. Plaintiff is advised that his Amended Complaint will take the place of his original Complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend his Complaint by Interlineation [ECF No. 6] is **DENIED, without prejudice**. Plaintiff shall include all claims and parties he wishes to bring in his Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 4] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that Plaintiff's failure to timely comply with this Order may result in a dismissal of this action, without prejudice, and without further notice.

Dated this 19th day of November, 2025.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE